NO. 07-12-0463-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 OCTOBER 31, 2012
 
 ______________________________
 
 
 SAUL GALVAN, APPELLANT
 
 V.
 
 THE STATE OF TEXAS, APPELLEE
 
 
 _________________________________
 
 FROM COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY;
 
 NO. 12-400293; HONORABLE MIKE DENTON, JUDGE
 
 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 ABATEMENT AND REMAND
 Following a plea of nolo contendere, Appellant, Saul Galvan, was convicted of assault on a family member and sentenced to ten days in the Travis County Jail. Appellant perfected this appeal and the clerk's record has been filed. The Trial Court's Certification of Defendant's Right of Appeal contained in the original clerk's record filed on September 10, 2012, was not signed by Appellant as required by Rule 25.2(d) of the Texas Rules of Appellate Procedure. Additionally, none of the options to determine whether Appellant has a right of appeal were marked. Consequently, that certification was defective. See Dears v. State, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005). A supplemental clerk's record was filed on October 29, 2012, containing a new Trial Court's Certification of Defendant's Right of Appeal. This certification now reflects the case is a plea-bargain case and Appellant has no right of appeal. However, the certification still does not bear Appellant's signature. Thus, it remains defective.
Consequently, we abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper Trial Court's Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d). Once properly completed and executed, the certification shall be included in a supplemental clerk's record. See Tex. R. App. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court by November 30, 2012. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause may be referred to the Court for further action. See Tex. R. App. P. 25.2(d). 
It is so ordered. 
Per Curiam
Do not publish.